**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM ALEXANDER JOHNSON,

    Defendant.

No. CR 94-0048 SBA

**ORDER**

Before the Court is defendant William Alexander Johnson's two *Ex Parte* Applications for an Order Authorizing an Indigent Subpoena pursuant to Federal Rule of Criminal Procedure 17(b) and (c). For the reasons that follow, the applications are DENIED.

**BACKGROUND**

Defendant Johnson was scheduled for a supervised release revocation and disposition hearing for December 20, 2007. On April 5, 2006, Johnson was sentenced to 10 months in custody and twelve months of supervised release for possession with intent to distribute cocaine base. *See* Docket No. 105. Johnson had previously been sentenced on July 11, 1995, to 110 months in custody and five years of supervised release.

On September 13, 2007, a Probation Officer issued a "Form 12" charging Johnson with four violations of the terms of his supervised release. *See* Docket No. 107. On August 7, 2007, the defendant was arrested by San Francisco Police Officers and charged with possession of base cocaine and for sale of a controlled substance. On August 29, 2007, the defendant allegedly committed first degree burglary by forcibly entering a home in Antioch and purportedly committed felony battery upon the resident. The Probation Officer contends that the defendant failed to notify him within 72 hours of either arrest. An arrest warrant was issued September 14, 2007.

On December 5, 2007, defense counsel for Johnson filed two *ex parte* applications for Rule 17(c) subpoenas. These were filed under seal. One requests a subpoena *duces tecum* to be issued upon both

the Custodian of Records of the San Francisco Police Department and the Custodian of Records of the Antioch Police Department. These seek records of all complaints, investigations or disciplinary action for dishonest conduct, improper or illegal searches or seizures, wrongful arrests or detentions, or similar acts of misconduct lodged against San Francisco Police Officers Richardson, Balinton, and Moody, as well as Antioch Police Officers Joannides, Vanderpool, and McCann.

The second *ex parte* application requests that a subpoena *duces tecum* be directed to each of the following: the Custodian of Records of the San Francisco Police Department, the Custodian of Records of the Antioch Police Department, the Custodian of Records for the American Medical Response, and the Custodian of Records of T-Mobile USA, Inc. From the San Francisco Police Department, the defense seeks all communications records, printouts, and audio records of the August 7, 2007 arrest. The same information is sought from the Antioch Police Department regarding the August 29, 2007 arrest. The defense also seeks records regarding the treatment and transport of the alleged victim of the Antioch burglary and battery from the American Medical Response. These records will show, according to the application, that the events surrounding the arrests were not as described by the officers or the alleged victim.

**LEGAL STANDARDS**

Federal Rule of Criminal Procedure 17(c) states that "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Local Criminal Rule 17-2(a)(1) provides that:

> An order permitting issuance of a Rule 17(c) subpoena may be obtained by filing either a noticed motion pursuant to Crim. L.R. 47-2 or, for good cause, an *ex parte* motion without advance notice to the opposing party. An *ex parte* motion and order thereon may be filed under seal for good cause. A party requesting a subpoena must support its request by a declaration specifying the facts supporting the issuance of the subpoena along with a proposed order.

To require production prior to trial, the party requesting production must show:

(1) that the documents [or other materials] are evidentiary and relevant; (2) that they are

> not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974); *see also United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) ("[Rule] 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum"). The requirement of "specificity" under Rule 17 is not satisfied if the defendant does not know what the evidence consists of or what it will show. *See United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992). A defendant's "mere hope" that the documents will produce favorable evidence will not support the issuance of a subpoena. *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996).

In addition, the Supreme Court has explained: "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Specifically, Rule 17(c) was not intended to expand the scope of criminal discovery under Rule 16. *See id*. The Ninth Circuit has also made clear that seeking documents or other materials solely for purposes of impeachment "is generally insufficient to justify the pretrial production of documents . . . ." *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) (citing *Nixon*, 418 U.S. at 701).

A defendant may apply *ex parte* for a subpoena *duces tecum* for the pre-trial production of documents by a third party where he is unable to make the showing required for such a subpoena without revealing trial strategy.[1] *See generally United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1995). And whether a Rule 17(c) subpoena is to be issued upon a third party or the government, the defendant must meet the same standard. *See Fields*, 663 F.2d at 881 ("we see no basis for using a

---

[1] Outside the Northern District of California there is a split of authority as to whether a pretrial subpoena may be issued upon an *ex parte* application. *See United States v. Fox*, 275 F. Supp. 2d 1006, 1010-1012 (D. Neb. 2003) (listing and discussing cases). In the Northern District of California, Local Criminal Rule 17-2(a)(1) explicitly allows for *ex parte* applications for good cause shown.

3

lesser evidentiary standard merely because production is sought from a third party rather than from the United States"); *United States v. Reyes*, 239 F.R.D. 591, 597 n.1 (N.D. Cal. 2006).

**ANALYSIS**

The two *ex parte* applications must be denied for at least four separate reasons.

**1.     There is No Evidentiary Hearing Scheduled**

On December 17, 2007, the defendant and the government stipulated that Johnson would admit to the second and fourth charges against him (the two charges that Johnson violated standard condition number 11 of his supervised release requiring him to notify his probation officer within 72 hours if arrested or questioned by a law enforcement officer). *See* Docket No. 119. The parties jointly recommend that Johnson be sentenced to 30 months in custody with no supervised release to follow.

The first requirement set out by the Supreme Court in *Nixon* is that the requested documents be "evidentiary and relevant." *Nixon*, 418 U.S. at 699. At this time, there is no evidentiary hearing scheduled. The defendant has indicated that he is going to admit to two of the charges and the government is going to drop the other two charges. Despite this, the defendant has not only not withdrawn the applications, but has made almost a half dozen phone calls to the Clerk of Court repeatedly seeking issuance of the subpoenas, indicating that they are somehow relevant to sentencing. To the extent that the defendant may argue that the subpoenaed documents will be relevant to sentencing, this argument is not persuasive. The parties are jointly requesting a sentence of 30 months. *See* Docket No. 119. Thus, even if the subpoenas uncover evidence favorable to the defendant, the defendant is not requesting any change in his sentence.

**2.     The Local Criminal Rules do not Allow *Ex Parte* Rule 17(c) Subpoenas for Seeking Complaint Records from a Law Enforcement Agency**

Local Criminal Rule 17-2(a)(1), dealing with subpoenas to produce documents or objects in advance of trial or a hearing, contains a cross reference note explaining that "subsection (e) below requires notice to the opposing party of a subpoena seeking personnel or complaint records from a law

4

enforcement agency." Local Criminal Rule 17-2(e) states clearly that the requested subpoenas can only be made by noticed motion:

> **(e) Production of Personnel or Complaint Records from Law Enforcement Agency.** In addition to complying with the preceding subsections, if the Rule 17(c) subpoena is directed to a law enforcement agency and seeks the production of personnel or complaint records, the party requesting the subpoena must provide notice of the subpoena to the opposing party in the manner described in subsection (1) below.
>
> > **(1)** A party serving a Rule 17(c) subpoena on a law enforcement agency seeking the production, in advance of trial or hearing, of personnel or complaint records of an officer currently or formerly employed by that agency must serve the opposing party with a copy of the subpoena on the same date that the subpoena is served on the agency.
> >
> > **(2)** The term "law enforcement agency" means all police or sheriff's departments, including citizen review boards, and including, but not limited to, state or local transit, public housing or park agencies; agencies with the authority to investigate violations of state, county or municipal law; prison, jail or corrections agencies; and parole and probation agencies.

### 3. Rule 17(c) is not an Appropriate Tool for Seeking Impeachment Material

Both *ex parte* applications seek impeachment material to challenge the credibility of the arresting officers and one seeks material to cast doubt about the credibility of the alleged victim of the battery. As explained above, the Ninth Circuit has made clear that seeking documents or other materials solely for purposes of impeachment "is generally insufficient to justify the pretrial production of documents . . . ." *Fields*, 663 F.2d at 881.

### 4. The Requests are not Specific and are an Improper Attempt to Use Rule 17(c) as a Discovery Tool

The two applications broadly seek any complaints filed against the arresting officers and records that may possibly call into question the veracity of the alleged battery victim. In *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996), a case cited by the defendant, the court explained that a defendant's "mere hope" that the documents will produce favorable evidence will not support the issuance of a subpoena. In addition to relevancy and admissibility, a Rule 17(c) subpoena requires a showing of specificity to support its issuance. *See Reed*, 726 F.2d at 577 ("[Rule] 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum"). The

requirement of "specificity" under Rule 17 is not satisfied if the defendant does not know what the evidence consists of or what it will show. *See Arditti*, 955 F.2d at 346. Here, the defendant does not know if there are any complaints against the arresting officers, he is merely seeking them in the event they do exist. The other records are sought on the possibility that the events may not have happened as described by the officers or the purported victim. This is not specific enough to warrant the issuing of Rule 17(c) subpoenas. Indeed, this is not merely an improper fishing expedition, this a net cast blindly from an ocean troller in the mere hope of dredging some speculative treasure from the bottom of the sea.

## CONCLUSION

Accordingly, defendant William Johnson's two *Ex Parte* Applications for an Order Authorizing an Indigent Subpoena pursuant to Federal Rule of Criminal Procedure 17(b) and (c) are DENIED. The defendant's request that the applications be sealed is also DENIED as the Local Rules clearly do not allow *ex parte* or sealed applications for the materials requested.

IT IS SO ORDERED.

December 24, 2007

_____
Saundra Brown Armstrong
United States District Judge